995 F.2d 232
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dennis McCABE, Plaintiff-Appellant,
v.
Charles L. WOLFF, Jr.; et al., Defendants-Appellees.
 No. 92-17033.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 25, 1993.*
Decided June 8, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dennis McCabe, a Nevada state prisoner, appeals pro se the district court's summary judgment in favor of defendant Ely State Prison officials in McCabe's 42 U.S.C. § 1983 action seeking damages for violations of his civil rights. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992), and affirm.
 
 
 3
 McCabe's action stems from (1) the mishandling and destruction of a book to be used as evidence in a court action in which McCabe was involved; (2) the opening of McCabe's privileged mail outside his presence; and (3) the confiscation of items from mail McCabe received from a candidate for political office.[1]
 
 
 4
 * Defendant Wolff
 
 
 5
 McCabe failed to allege any facts showing that defendant Warden Wolff was personally involved in any alleged wrongful act or that Wolff knew of and failed to prevent any alleged wrongful act. Accordingly, Wolff was entitled to judgment as a matter of law and the district court did not err by granting summary judgment for him on all of McCabe's claims. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989) (section 1983 liability arises only upon showing of personal participation; supervisor liable for conduct of subordinates only if supervisor participated in or directed violation or if supervisor knew of violation and failed to act to prevent violation).
 
 II
 Mishandling and Destruction of Book
 
 6
 McCabe contends that defendants violated his civil rights by mishandling and destroying a book he needed to use as evidence in an action pending in Minnesota federal district court. Contrary to the district court's findings, it is undisputed that someone at Ely took delivery of McCabe's book without authorization and that someone destroyed it despite the fact that McCabe provided a forwarding address to which the book could be sent. Nevertheless, we may affirm the district court's judgment on any ground finding support in the record. See Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990).
 
 
 7
 McCabe originally named as defendants Warden Wolff, CO Perino, and CO Combs. On November 1, 1991, after some discovery, McCabe moved to amend his complaint to add a person named B. Riding as a defendant. The district court denied McCabe's motion as not in compliance with the court's local rules. The district court granted McCabe's subsequent motion to amend, but McCabe did not add B. Riding as a defendant. Rather, McCabe dropped CO Combs as a defendant and added CO Bailey.
 
 
 8
 Subsequently, McCabe filed a motion for summary judgment. He attached an exhibit showing a record of the packages, including McCabe's book, that were delivered to the prison by United Parcel Service ("UPS") on the day in question. The record is signed and a handwritten notation next to the signature says that CO Combs verified the signature as Bailey's. The packages were delivered January 14, 1991; the notation is dated October 31, 1991.
 
 
 9
 In opposition to McCabe's motion and in support of their cross-motion for summary judgment, defendants submitted Bailey's affidavit stating he did not take delivery of the book. Of more significance, defendants noted that other of McCabe's exhibits showed that B. Riding had signed for the book. McCabe filed an opposition to defendants' cross-motion, but did not offer any further evidence on the issue of who took delivery of his book.
 
 
 10
 As we stated above, section 1983 liability arises only upon a showing of personal participation in the alleged constitutional deprivation. See Taylor, 880 F.2d at 1045. On the record before us, we conclude that McCabe failed to show that the named defendants were personally involved in mishandling and destroying his book. See id. McCabe failed to name the proper defendants despite engaging in discovery and having an opportunity to amend his complaint. Therefore, because we may affirm on any ground finding support in the record, see Kruso, 872 F.2d at 1421, we conclude that summary judgment for defendants on this claim was proper.
 
 III
 Opening of Legal Mail
 
 11
 On July 23, 1990, the prison received a letter for McCabe from the Minnesota federal district court. McCabe contends the defendants violated his civil rights by opening this mail outside his presence and removing the contents.
 
 
 12
 Administrative Regulation 750 of the Nevada State Department of Prisons ("AR 750") defines "privileged correspondence" as including mail between an inmate and "[a]ll state and federal judges and officials of the courts." AR 750 provides that all incoming mail, whether privileged or not, shall be inspected for contraband. In the case of privileged mail, however, the mail can only be opened in the inmate's presence. The Supreme Court has held that a regulation that requires that legal mail be opened only in the presence of the inmate does all, and perhaps more, than the Constitution requires. Wolff v. McDonnell, 418 U.S. 539, 577 (1974); see also Royse v. Superior Court, 779 F.2d 573, 575 (9th Cir.1986) (holding that inspection of inmate's mail to court in presence of inmate did not constitute unconstitutional censorship).
 
 
 13
 It is undisputed that the mail from the Minnesota court was privileged under AR 750. It also is undisputed that this mail was opened outside McCabe's presence in violation of AR 750. Nevertheless, the record is devoid of any evidence showing that the opening of McCabe's mail was anything more than negligent or inadvertent. Defendants were therefore entitled to judgment as a matter of law. See Stevenson v. Koskey, 877 F.2d 1435, 1441 (9th Cir.1989) (holding that inadvertent opening of legal mail outside of inmate's presence is not actionable constitutional violation).
 
 IV
 Confiscation of Political Mail
 
 14
 On July 24, 1990, the prison received mail for McCabe from David Duke, the former Ku Klux Klan leader who was running for the United States Senate at the time. McCabe contends defendants violated his civil rights by confiscating campaign stickers and a statement of Duke's campaign positions from the envelope before delivering it to him.
 
 
 15
 As with McCabe's claim regarding his book, the record does not contain any evidence showing the named defendants were personally involved in the alleged confiscation of political materials from his mail. Because defendants therefore were entitled to judgment as a matter of law, see Taylor, 880 F.2d at 1045, summary judgment was proper.[2]
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his complaint, McCabe made allegations regarding a fourth incident. On appeal, however, he states the district court was correct in regard to that incident. Thus, we need not consider any issues pertaining to that incident
 
 
 [2]
 AR 750 defines "privileged mail" as including mail between an inmate and "[s]tate and federal elected officials." The district court granted summary judgment for defendants on the ground the mail was not privileged because Duke was not an elected official. The district court reasoned that Duke was running for the United States Senate, that the mail was sent in the context of Duke's election campaign, and, therefore, that Duke should not be considered an "elected official." McCabe contends Duke was a Louisiana state assemblyman and therefore was an elected official. Because we decide this claim on another ground, we need not decide whether Duke was an elected official for purposes of AR 750